# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00307-CR

**Arnold Garza, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
## NO. 09-08516-1, HONORABLE BERT RICHARDSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Arnold Garza guilty of interference with public duties and assessed his punishment at 180 days in jail and a $100 fine. *See* Tex. Penal Code Ann. § 38.15 (West 2011). We affirm the conviction.

An attorney was appointed to represent appellant based on a finding of indigence. Before his trial began, however, appellant retained substitute counsel, and this retained attorney remained appellant's counsel on appeal. Appellant's brief was originally due on March 15, 2011. After the Court sent notice that the brief was overdue, we were advised that appellant's counsel had been jailed in an unrelated matter and was unable to complete the brief. We abated the appeal for the trial court to conduct a hearing to determine whether appellant wished to prosecute the appeal and, if so, whether he intended to employ new counsel or was again entitled to appointed counsel. Following this hearing, at which appellant appeared, the trial court found that appellant wished to

pursue the appeal. The court also found, based on appellant's statements at the hearing, that appellant intended to represent himself. Appellant stated that he would not employ new counsel, and he declined the court's offer to appoint counsel.

The Court subsequently attempted to notify appellant that his brief was due on July 21, 2011. This notice, which was mailed to the address appellant gave to the trial court at the hearing, was returned unclaimed. Under the circumstances, we conclude that appellant has failed to make any arrangements for filing a brief. Therefore, we may consider the appeal without briefs. Tex. R. App. P. 38.8(b)(4).

We have examined the appellate record and find no fundamental error or other matter that should be considered in the interest of justice. The judgment of conviction is affirmed.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed: August 18, 2011

Do Not Publish